UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TENA WASBERS and MICHAEL          :     **CIVIL NO. 1:05-CV-0422**
WASBERS, *in their own right*     :
*and as parents and natural*      :
*guardians of Zachary Wasbers*,   :
                                  :
          Plaintiffs              :     (Judge Conner)
                                  :
     v.                           :     (Magistrate Judge Smyser)
                                  :
EVENFLO COMPANY, INC.,            :
                                  :
          Defendant               :


### REPORT AND RECOMMENDATION


This civil action was removed to the United States District Court for the Middle District of Pennsylvania from the Court of Common Pleas of York County on February 25, 2005.  A writ of summons had been filed in that Court on February 4, 2005.  The plaintiffs are Tena Wasbers and Michael Wasbers, in their own right and as parents and natural guardians of Zachary Wasbers, residents of York, Pennsylvania.  The defendant is Evenflo Company, Inc., an Ohio corporation.


A complaint was filed in this court on April 18, 2005.

The complaint alleges that the defendant manufactures a product called SuperSaucer, a toy.  The complaint alleges that on February 13, 2003, injuries to Zachary Wasbers' legs were found.  The complaint alleges that the plaintiffs determined after an extensive investigation and consultation with Zachary's medical providers that Zachary's injuries could only have occurred while Zachary was playing in the SuperSaucer described in the complaint.  The complaint alleges that the SuperSaucer is dangerously, negligently and defectively designed.  The complaint alleges that the defendant has known of the defects and deficiencies of the SuperSaucer but has failed to take the actions necessary to make the toy safe to users.  The complaint alleges that the plaintiffs are entitled to an award of punitive damages and to compensatory damages.

Count I of the complaint is the claim of the plaintiffs that the defendant sold a product that was defective and unreasonably dangerous to a user.

Count II of the complaint is the claim of the plaintiffs that the defendant was negligent in the design, manufacture, assembly, testing, inspection, sale and distribution of the toy.

2

On May 11, 2005, defendant Evenflo filed a motion to dismiss paragraph 14(a)-(I), 15(b)-(c) of the complaint and the punitive damages claim.  A brief in support (Doc. 12) was filed, and a brief in opposition (Doc. 13) was filed.  A reply brief (Doc. 15) was filed.

Paragraph 14 and paragraph 15 lists categories of damages sought by the plaintiffs, as follows:

> 14.  As a result of the incident, Plaintiffs suffered and in the future will continue to suffer permanent, serious and severe mental and bodily injuries resulting in serious impairment of bodily function which include but are not limited to the following:
>
> a)   Bilateral fractures of the lower legs and other physical injuries which resulted in physical pain and suffering;
>
> b)   Mental anguish;
>
> c)   Discomfort;
>
> d)   Inconvenience;
>
> e)   Distress;
>
> f)   Loss of life's pleasures;
>
> g)   Embarrassment and humiliation;
>
> h)   An impairment of health and sense of well being; and
>
> i)   Disfigurement.

3

15.  As a further result of the aforesaid
injuries, Plaintiffs have suffered, are
suffering, and in the future will continue to
suffer financial injuries which include, but
are not limited to, the following:

a)    Past, present, and future medical
      expenses;

b)    Incidental costs resulting from
      dealing with said injuries; and

c)    Loss of earnings and earning
      capacity.

Doc. 6, ¶¶ 14, 15.  The defendant argues that plaintiffs Tena

and Michael Wasbers' claims for loss of earnings and lost

earning capacity should be dismissed, that plaintiffs Tena and

Michael Wasbers claims for pain and suffering should be

dismissed, that plaintiff Zachary Wasbers' claims for mental

anguish, inconvenience, loss of life's pleasures,

embarrassment, humiliation, lost wages and incidental costs

should be dismissed, and that the plaintiffs' claim for

punitive damages should be dismissed.


The motion to dismiss the complaint in part is brought

under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the

legal sufficiency of the plaintiff's case; the court must

decide whether, even if the plaintiff were able to prove all of

his allegations, he would be unable to prevail.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." Id. at 449-50.  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

A federal court in a diversity jurisdiction case is required to follow state law.  Here, the plaintiffs are Pennsylvania residents and it appears to be claimed that the alleged injuries occurred in Pennsylvania.  The defendant, an

Ohio company, cites Pennsylvania law and makes no argument for the application of Ohio law.  We will apply substantive law as decided by the Pennsylvania Supreme Court.  *Ciccarelli v. Carey Canadian Mines, Ltd.,* 747 F.2d 548 (3d Cir. 1985).

### ***Parents' Lost Earnings and Lost Earnings Capacity.***

The defendant argues that a parent's loss of earnings or of earning capacity due to a child's injury necessitating the parent's care and thereby preventing the parent from earning income is not a form of injury that the parent may recover under Pennsylvania law against the tortfeasor who injured the child.  A parent may recover medical expenditures arising from the child's injury, may recover for the value of the lost services of the injured child, and may recover on behalf of the child for the child's pain and suffering and for the child's future post-minority losses.

> "Under Pennsylvania law **personal injury** to a **minor** gives rise to two separate and distinct causes of **action**, one the **parents'** claim for medical expenses and loss of the **minor's** services during **minority**, the other the **minor's** claim for pain and suffering and for losses after **minority**." *Olivieri v. Adams*, 280 F.Supp. 428 (E.D.Pa. 1968).  *See also Dellacasse v. Floyd*, 332 Pa. 218 2 A.2d 860 (1938); *In re Mikasinovich*, 110 Pa.Super. 252,

168 A. 506 (1933); *Meisel v. Little*, 407 Pa.
456, 180 A.2d 772 (1962).

*Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 561

A.2d 1261 (Pa. Super. 1989) (citing *Apicella v. Valley Forge*

*Military Academy and Junior College*, 630 F.Supp. 20, 23-24

(E.D. Pa. 1985)).  Neither the child nor the parents under

Pennsylvania law was under older Pennsylvania cases considered

to be entitled to recover an amount for the value of nursing,

attendance and care provided by members of the child's own

household.  *Goodhart v. Penna. R. Co.*, 177 Pa. 1, 35 A.191

(1896).


The plaintiffs argue that the cited cases are not

determinative as to the parents' recovery of their own lost

earnings.  They assert that since they could have recovered for

the amounts they would have paid to a third party in-home care

provider, and because they sought to mitigate such expenditures

and resultant damages by providing the care themselves, and

because in a case of bodily injury caused to an infant minor

child by a product specifically marketed and sold to infant

minors the potential for parental loss of earnings is more

foreseeable, the seemingly applicable Pennsylvania precedents

are in fact inapposite.   The plaintiffs' position is

supported by the decision of the United States District Court for the Eastern District of Pennsylvania in *Fields v. Graff*, 784 F.Supp. 224 (E.D. Pa. 1992), predicting that the Pennsylvania Supreme Court would allow such damages.  We will recommend that the court follow the rationale in *Fields*, 784 F.Supp. at 226.

Accordingly, the motion to dismiss the complaint should be denied as to the claim for parental lost earnings and lost earning capacity as a part of recoverable damages.

### *Parents' Pain and Suffering.*

The claims of Tena Wasbers and Michael Wasbers for pain and suffering are, the defendant asserts, correctly dismissed because this is not a case giving rise to an actionable cause of action for a parent's emotional distress caused by the tortfeasor's conduct that resulted in injury to the parent's child.  The defendant misconstrued the parents' pain and suffering claim here, the plaintiffs respond.  The plaintiffs respond also by asserting that the defendant's argument ignores the facts of this case.  The plaintiffs explain that here the parents were directly injured in that they suffered the

8

indignities and injury of being suspected of and investigated for having harmed their own child.  The plaintiffs' reference to the facts of this case is itself misplaced, however, in that the complaint contains no averment involving suspicions and investigations of the parents.  Basing the decision upon the pleaded averments and upon the plaintiffs' acknowledgment that their pain and suffering claim does not relate to their emotional distress caused by their child's injury, the court should dismiss the claim of plaintiffs Tena and Michael Wasbers for pain and suffering damages.

### *The Child's Claims for Mental Anguish, Inconvenience, Loss of Life's Pleasures, Embarrassment and Humiliation.*

The defendant argues that the plaintiffs' claims on behalf of their child, Zachary Wasbers, for mental anguish, inconvenience, loss of life's pleasures, embarrassment and humiliation should be dismissed because Zachary Wasbers was at the time of receiving the injuries an eight month old infant.

The ages of the plaintiffs is not pleaded.  The defendants' argument is principally factual: "An eight month infant, such as plaintiff Zachary Wasbers, is unable to express that he or she is embarrassed, humiliated, inconvenienced or

suffering mental anguish" and "too young to present credible evidence that he has lost his enjoyment of life's pleasures due to this alleged accident."  The defendant's factual assertion does not justify a determination that the plaintiffs' claims of these kinds of injuries are not actionable as a matter of law. The defendant's motion to dismiss the complaint should be denied as to these claims of these kinds of injuries suffered by plaintiff Zachary Wasbers.

### *The Child's Claim for Lost Wages and Incidental Costs.*

The defendant argues that the plaintiffs' claim on behalf of Zachary Wasbers for lost wages and incidental costs must be dismissed because any wages lost by Zachary Wasbers due to defendant's tort(s) which would have been earned but for the tort(s) up until Zachary became 18 years old are the property of and are properly recoverable by Tena and Michael Wasbers.

A minor is entitled to recover wages lost after he or she reaches majority; the minor's parents are entitled to recover up until majority.  *Hathi, supra.*

Paragraph 15 of the complaint is stated as a claim of both plaintiffs and Zachary to recover incidental costs and loss of earnings and earnings capacity.  We have addressed the parents' lost earnings and earnings capacity claims, above. The defendant presents no persuasive argument that as a matter of law the earnings and earning capacity lost by Zachary Wasbers is not compensable.  Rather, here again the defendant presents a factual argument.  There is no need or reason to construe paragraph 15 as asserting that Zachary in particular is entitled to recover his lost earnings and lost earnings capacity, if proven, during the rest of his years as a minor. It should rather be construed to state the claim of the parents to recover this category of damages.  The defendant's motion should be denied as to the claims for Zachary Wasbers' lost wages and incidental costs.

### *Punitive Damages.*

The defendant argues, finally, that the claim of the plaintiffs for punitive damages should be dismissed because there is not a basis in the complaint for any reasonable potential inference of outrageous behavior on the part of the defendant.  Punitive damages may not be awarded where there is

11

not proof of intentional, willful, wanton or reckless conduct. *Bannar v. Miller*, 701 A.2d 232, 242 (Pa. Super. 1997), *appeal denied*, 723 A.2d 1024 (Pa. 1998).  The issue to be decided as to the plaintiff's punitive damages claim in this product liability and negligence case is whether the plaintiffs should be permitted to or precluded from offering evidence to support their claim.  As the plaintiffs' brief notes, punitive damages are appropriate where a person knows of a high degree of risk of personal harm to another person and deliberately continues in the course of conduct in conscious disregard of the risk. The complaint is not specific as to the nature of the SuperSaucer's alleged defect(s).  The complaint, without describing the nature of the "defects and deficiencies," alleges that the defendant has known of these defects and deficiencies "by virtue of prior claims, the simple law of physics, test data generally available within the toy industry and/or Defendant's own test data."  The complaint alleges that "Defendant's actions in failing to correct the aforesaid defects and deficiencies was extreme and outrageous and was done in a malicious, wanton, willful and reckless manner so as to endanger ultimate users and consumers and persons such as the Plaintiffs herein...."  Although these assertions about the defendant's knowledge and intentions are difficult to reconcile

12

with a pleading that omits any description of the nature of the defects and deficiencies, the controlling principle is that the defendant does not establish as a matter of law that there is no basis for a punitive damages claim.  A pretrial determination as to the viability of a punitive damages claim may be appropriate at the summary judgment stage.

It is recommended that the defendant's motion be granted in part and denied in part.  It is recommended that the complaint be dismissed as to the claims of plaintiffs Tena Wasbers and Michael Wasbers for their pain and suffering.  It is recommended that the defendant's motion to dismiss be otherwise denied.


*/s/ J. Andrew Smyser*
_____   J. Andrew Smyser
                                    Magistrate Judge

Dated:   July 14, 2005.


13