**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TENA WASBERS and MICHAEL WASBERS,** | : | **CIVIL ACTION NO. 1:05-CV-0422** |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **EVENFLO COMPANY, INC.,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 27th day of October, 2005, upon consideration of the report of the magistrate judge (Doc. 16), recommending that defendant's motion to dismiss (Doc. 12) be granted in part and denied in part, and of the objections thereto, and it appearing that the complaint avers sufficient facts for minor-child's claims of mental anguish, inconvenience, loss of life's pleasures, embarrassment, humiliation, lost wages and incidental benefits, cf. Sinn v. Burd, 404 A.2d 672, 679 (Pa. 1979) ("[D]ifficulty of proof should not bar the plaintiff from the opportunity of attempting to convince the trier of fact of the truth of her claim."), that the complaint avers sufficient facts for a claim of punitive damages, see Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 984 (Pa. Super. Ct. 2005) (stating that punitive damages may be awarded in products liability cases where defendant acted with "reckless indifference to the rights of others") (citing SHV Coal, Inc. v. Cont'l Grain Co., 587 A.2d 702, 704 (Pa. 1991)), but that plaintiff parents cannot recover for pain and suffering, see Amadio v. Levin, 501 A.2d 1085, 1088 (Pa. 1985)

("The parents' pain and suffering caused by their child's negligent death has never been recoverable unless the pain and suffering was accompanied by or a result of a physical injury to the parent."), and that plaintiff parents cannot recover their lost earnings,[1] it is hereby ORDERED that the report (Doc. 16) of the magistrate judge is ADOPTED in part and REJECTED in part as follows:

1.   The motion to dismiss (Doc. 12) is GRANTED to the extent that plaintiff's claims for parental pain and suffering and for parental loss of earnings are DISMISSED.  See Amadio v. Levin, 501 A.2d 1085, 1088 (Pa. 1985); Goodhart v. Pa. R.R. Co., 35 A. 191 (Pa. 1896); Linko v. Worker's Comp. Appeals Bd., 621 A.2d 1188 (Pa. Commw. Ct. 1993).

2.   The motion to dismiss (Doc. 12) is otherwise DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1]  See Goodhart v. Pa. R.R. Co., 35 A. 191 (Pa. 1896) ("[T]he expenses for which a plaintiff may recover must be such as have actually been paid . . . . [and cannot include] recover[y] for the nursing and attendance of the members of his own household . . . . [which] involve[] the performance of the ordinary offices of affection . . . [and] no legal liability . . . ."); Woeckner v. Erie Elec. Motor Co., 37 A. 936, 936 (Pa. 1897) ("The elements to be considered in assessing the damages [in an action by a parent to recover for injury to his child] are the expenses which he has incurred or is likely to incur in the support of the child on account of the injury and the loss which will probably result to him from the decrease in the earnings of the child to which he is entitled."); Steiner by Steiner v. Bell Tel. Co., 517 A.2d 1348, 1353 (Pa. Super. Ct. 1986) ("A parent can recover only pecuniary losses, such as loss of services and medical expenses, for injury to his child."); Linko v. Worker's Comp. Appeals Bd., 621 A.2d 1188 (Pa. Commw. Ct. 1993) (holding that spouse could not recover for losses related to leaving job to care for injured husband); Formichella v. Wagner, 51 Pa. D. & C.2d 119, 122-23 (Pa. Ct. Com. Pls. 1970) (same); see also Stambaugh v. Smith, Pa. D. & C.3d 780 (Pa. Ct. Com. Pl. 1981).